THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RHONDA HENSLEY-JOHNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| INDIANA MASONIC HOME, INC. ) | |
| ) | |
| Defendant. ) | 1:16-cv-0132 JMS -MJD |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Rhonda Hensley-Johnson ("Johnson"), by counsel, brings this Complaint against Defendant, Indiana Masonic Home, Inc., ("Masonic") for its discrimination against Johnson in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 *et seq*, in that Masonic precluded Johnson from working because it regarded Johnson as disabled and not able to perform her job with or without an accommodations.

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction to decide this claim.

2. Venue is proper in this Court pursuant to 28 U.S.C §1391 in that at all relevant times Johnson was a resident of this district, Masonic conducts business within this district, and the unlawful activities giving rise to Johnson claims during the relevant time period took place in the District.

3. Johnson timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") under the Americans with Disabilities Act of 1990, as amended on August 11, 2015.

4. The EEOC issued its Notice of Right to Sue, dated October 28, 2015, which Johnson received on November 2, 2015.

5. Johnson timely files her complaint within ninety days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

6. Plaintiff, Rhonda Hensley-Johnson, is a United States Citizen and at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

7. Defendant Indiana Masonic Home, Inc. is a corporation that at all times relevant to this action maintained offices and conducted its operations within the geographical boundaries of the Southern District of Indiana.

## STATEMENT OF FACTS

8. On or around August 1, 2015, Johnson experienced a non-work related injury and was placed on minor work restrictions by her primary care physician, which would not interfere with her ability to perform the essential functions of her job as Admissions Coordinator.

9. On Monday morning, August 4, 2015, Johnson reported for work and worked performing her normal duties.

10. Later that day, in the early afternoon, Ms. Ward, Masonic's Nursing Home Administrator sent Johnson home and told Johnson she could not return to work until she was released by her doctor.

11. Masonic sent Johnson home on an unpaid leave status, forcing Johnson to either apply for FMLA or dissipate her Paid Time Off (PTO) hours.

12. On or about August 5, 2015, Chad Davis, Johnson's immediate supervisor, informed Johnson that per Mike Spencer, Executive Director, and Kat Cooper, HR Director, she could not return to work until and unless she was released by her doctor to return without any restrictions whatsoever.

13. On August 11, 2015, Johnson filed her charge of discrimination with the EEOC.

14. Johnson's attorney mailed Masonic a copy of Johnson's EEOC charge.

15. On Wednesday, August 19, 2015, Johnson was allowed to return to work with the original work restrictions issued by her doctor.

16. Thereafter, and until the cast was removed from her arm, Johnson performed her duties satisfactorily. Masonic was notified of the charge and Johnson was fully able to perform her duties at Masonic satisfactorily.

## ADA

17. Plaintiff incorporates by reference paragraphs 1 through 16 above as if fully stated herein.

18. Johnson suffered a non-work related injury on or around August 1, 2015 and was placed on minor work restrictions by her primary care physician.

19. On August 4, Masonic would not allow Johnson to return to work, even though Johnson was able to perform her duties at Masonic.

20. Masonic would not allow Johnson to return to work until all of her restrictions were removed, thus regarding her as unable to perform the essential functions of her job as Admissions Coordinator.

21. As shown by her work performance after being allowed to return to work on August 19, 2015, Johnson was able to perform her job duties without an accommodation.

22. Masonic violated Johnson's rights under the ADA by not allowing her to return to work and by not offering an alternative reasonable accommodation.

23. Defendant Masonic regarded Johnson as disabled and unable to work and discriminated against her by not allowing her to return to work, all in violation of her rights under the Americans with Disabilities Act as amended.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff, by counsel, respectfully requests the Court order the Defendant Masonic:

a. Pay compensatory and punitive damages to Plaintiff as authorized under the ADA.

b. Pay all costs and reasonable attorney's fees as authorized under the ADA;

c. Provide all other legal and/or equitable relief the Court sees fit to award;

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, requests trial by jury on all issues so triable.

Respectfully submitted,

*Tae Sture*

Tae Sture, Attorney No. 25120-29
Attorney for Plaintiff
Sture Legal Services
9000 Keystone Crossing, Ste. 660
Indianapolis, IN 46240
Ph: (317) 577-9090
Fax: (317) 577-1102